# UNITED STATES AIR FORCE
## COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 40747** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **David H. HER** | ) | |
| **Technical Sergeant (E-6)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 2** |

On 13 February 2026, counsel for Appellant submitted a consent motion to examine sealed material. During the court's review of the record, we noted that one of the audio files from the closed court session was missing from the record of trial. Therefore, on 23 February 2026, the court ordered the Government to show good cause as to why the court should not return Appellant's case to the Chief Trial Judge, Air Force Trial Judiciary, for completion and correction of the record relating to this missing audio.

In response to this order, the Government coordinated with the detailed court reporter and ascertained the missing audio exists. On 27 February 2026, the Government submitted a motion for leave to file a motion to copy and transmit sealed material; specifically the Government requests "permission to electronically copy and transmit via DoD SAFE one copy of the missing audio covering pages 17–22 of the transcript from the court reporter" to then move this court to attach it to the record of trial. On 5 March 2026, counsel for Appellant responded to the Government's 27 February 2026 motion, stating "Appellant defers to the [c]ourt regarding how best to correct the incomplete record of trial pursuant to [R.C.M.] 1112 and 1113."

As part of Appellant's 5 March 2026 response, Appellant also identified that Special Order A–5, dated 22 January 2024, referenced by Special Order A–8, dated 16 May 2024, is not included in the record of trial.

"[I]f a record is incomplete or defective, a court reporter or any party may raise the matter *to the military judge for appropriate corrective action*." R.C.M. 1112(d)(2) (emphasis added). A superior competent authority such as Courts of Criminal Appeals may also return the record of trial *to the military judge for correction under this Rule. Id.* Upon notice of the matter, "[t]he military judge shall give notice of the proposed correction to all parties (of the court-martial] and permit them to examine and respond to the proposed correction . . . ." *Id.*

The court has considered the Government's motions, Appellant's response, case law, and this court's Rules of Practice and Procedure.

Accordingly, it is by the court on this 17th day of March, 2026,

**ORDERED:**

Government's Motion for Leave to File Motion to Copy and Transmit Sealed Materials is **GRANTED**.

Government's Motion to Copy and Transmit Sealed Materials is **DENIED**.

The record of trial in Appellant's case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d) to account for the above-described defects, and any other portion of the record that is determined to be missing or defective hereafter, after consultation with the parties. *See* R.C.M. 1112(d)(2)–(3). Thereafter, the record of trial will be returned to this court for completion of its appellate review under Article 66(d), Uniform Code of Military Justice, 10 U.S.C. § 866(d).

The record of trial will be returned to the court not later than **10 April 2026**. If the record cannot be returned to the court by that date, the Government will inform the court in writing not later than **8 April 2026** of the status of the Government's compliance with this order.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court